THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLEMENCE BUCHANAN, alias CLEMENT BUCHANAN, Appellant.— Defendant-appellant heretofore has been

convicted of burglary, third degree, and grand larceny, second degree, as a third offender, and is now serving sentences in Attica Prison. He has appealed from an order denying his motion for a new trial on the ground of newly-discovered evidence. The subject of the larceny was six or seven automobile tires obtained through burglarizing a garage in Deposit, N. Y., on the evening of August 3–4, 1937. The principal witness against defendant upon his trial was Russell Shoup, who arrived at Deposit three days before the burglary occurred with a carnival company which was to be an attraction at an agricultural fair about to be held. He testified that defendant, a stranger to him, on the day before the burglary, asked in substance if he wished to buy automobile tires, and that he said he did. That on the morning after the burglary officers investigating the crime interviewed him and he told them of defendant's inquiry of the previous day. The officers then gave him a marked five-dollar bill and a marked two-dollar bill, with instructions to find defendant and attempt to purchase a tire. Shoup, unaccompanied by the officers, left, returned later with one of the stolen tires and reported that he had obtained it from defendant and had paid him the seven dollars. He said that the defendant had obtained it from a cache in an open lot where there were several other tires. The officers, after one or two hours, found defendant, arrested him and the marked five-dollar bill was found in his possession. The persuasiveness of Shoup's testimony is weakened. On the day of his arrival in Deposit he visited the garage and inquired about tires, learned that in the stock were tires of unusual dimension which would fit the car he was driving, told the proprietor that he would return later in the week when he had obtained money, and make a purchase. He did return later in the week, and again inspected the tires and the location. This interest in the premises and the property later stolen is at least a suspicious circumstance, as is his account of the approach by defendant and the inquiry earlier recited. It is not to be gainsaid that some of the affiants as to circumstances in connection with this motion for a new trial have been most unfortunate in their several contacts with the criminal law. Of the thirteen persons who have been sworn on this application, five are now incarcerated in Attica State Prison. Among those not in prison is one Cohen who came to Deposit with the same carnival with which Shoup was connected, who says he declined Shoup's invitation to help burglarize the garage, but that he had accompanied him on one of his visits. The testimony given by the five convicts has to do, largely, with admissions made by Shoup when he and they were in the Broome county jail where he was held as a material witness. The remaining seven witnesses are residents in and about Deposit who testify to facts that contradict the testimony given by Shoup upon Buchanan's trial and indicate the inability of Buchanan to have participated in the crime. An affiant states that Buchanan went to the gambling booth operated by Shoup on the morning of August 4, purchased chances and offered a ten-dollar bill in payment, that Shoup in making change gave a five-dollar bill to Buchanan, thus accounting for the marked bill in his possession. The marked two-dollar bill was not in his possession when he was arrested. In view of the weakness of the original case, reasonable grounds for a new trial have been presented. The order denying defendant's motion therefor should be reversed and the motion therefor granted. Order denying motion for new trial upon the ground of newly-discovered evidence reversed on the law and facts, and motion granted. Hill, P. J., Bliss and Heffernan, JJ., concur; Crapser and Schenck, JJ., dissent, and vote to affirm.